885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel ROSARIO, Defendant-Appellant.
 No. 89-5587.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1989.
Decided Sept. 6, 1989.
 
 Colleen Duffy Kiko, Special Assistant United States Attorney, on brief for appellee.
 Charles W. Kramer, on brief for appellant.
 Before DONALD RUSSELL, K.K. HALL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Miguel Rosario, travelled by air from New York to Washington, D.C. National Airport. On his arrival, a United States Park Police detective and a detective sergeant with the Metropolitan Washington Airport Authority (both detailed to the Federal Drug Enforcement Administration Task Force) approached Rosario, who had leapt over the railing separating a walkway from the seated area for departing passengers. On approaching him, the two officers engaged him in conversation, asked for his airline ticket, heard his explanation that he had no personal means of identification with him, and explained to him the purpose of the Task Force. When Rosario denied carrying any narcotics, one of the officers sought and obtained permission of Rosario to search the backpack and the shopping bag he was carrying. Evidence was introduced that one of the officers asked Rosario for permission to search him personally. Rosario responded by grasping the front of his coat and pulling it open as far as the coat would permit him to go. The officers interpreted that gesture as permission, and it was not clearly erroneous for Judge Cacheris, who conducted a suppression hearing, also to so conclude.
 
 
 2
 The ensuing search turned up cocaine base or "crack." Having been advised of his Miranda rights, Rosario waived them, stating that he had purchased the "crack" in New York for $7,000 and returned to Washington where he intended to sell the "crack" and double his money. While that fact plays no prominent part in the briefs of the parties, it may be supposed that it is attacked as the poisonous fruit of the tree.
 
 
 3
 Pursuant to a plea agreement, Rosario pleaded guilty to Count One, the Government moving to dismiss Count Two. Under the plea agreement, Rosario preserved his right to appeal the denial of his earlier motion to suppress the crack found in his luggage.
 
 
 4
 Not every police/citizen encounter constitutes a seizure within the meaning of the fourth amendment which must be justified by a reasonable and articulable suspicion of criminal activity. United States v. Mendenhall, 446 U.S. 544, 553 (1980); Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). Such an encounter rises to the level of a seizure "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Mendenhall, 446 U.S. at 554.
 
 
 5
 The district court, applying the test, found that Rosario was free to leave at least until such time as he consented to a search. Based on the record evidence, Judge Cacheris was not clearly erroneous in so concluding. See id. at 555. Similarly, Judge Cacheris was by no means clearly erroneous in determining that the search was conducted following a grant of permission. See Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). Since the tree was by no means poisonous, there was no barrier to eating the fruit.
 
 
 6
 The briefs and record provide sufficient basis for the panel to understand the case and the legal contentions of the parties. Oral argument is, therefore, waived. The judgment is
 
 
 7
 AFFIRMED.